By the Court, Robertson, Ch, J.
The plaintiff, with two sureties, (Barclay and Kissam,) signed an undertaking, as required by the Code, on the issuing of an injunction in this action. (§ 222.) By it they undertook, jointly and severally, that if this court should finally decide that the plaintiff was not entitled to such injunction, he should pay the defendants such damages, not exceeding a certain sum, ($2000,) as they might sustain by reason of such injunction, to be ascertained by a reference, or otherwise, as this court should direct. Such injunction was. dissolved. An order of reference was made by default, on notice, to ascertain such damages, and the referee reported a certain sum, ($132.50,) as the amount of damages ;• which is made up of counsel fees, in arguing motions to dissolve the injunction, which were not granted, and the expenses of printing papers on an appeal which was unsuccessful.
I cannot see on what principle the costs of unsuccessful efforts to remove an injunction can be said to be damages arising from its existence. Costs and counsel fees on a successful *705 motion to dissolve an injunction are considered the natural consequences of its existence, and are properly damages. But there is no reason why the party obtaining the injunction should pay the expenses of ill directed experiments to get rid of it. To allow such a charge would be a premium for the employment of unskillful counsel. Such items did not properly enter into the assessment of damages on the undertaking.
The order confirming the report should be reversed, and the case go back to the referee, with costs to the appellants.